UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DWIGHT EDWARDS,

        Petitioner,

v.

WARDEN PUGH,

        Respondent.

Civil No. 13-1134 (MJD/JJK)

**REPORT AND RECOMMENDATION**

        The above-named Petitioner commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

        Petitioner filed his habeas corpus petition on May 13, 2013. Shortly thereafter, the Court reviewed the petition and found that it was defective for several reasons. Therefore, in an order May 15, 2013, (Docket No. 2), the Court directed Petitioner to file an amended habeas corpus petition if he intended to continue to prosecute this action. The Court also directed Petitioner to file a separate memorandum showing that his habeas corpus claims could properly be brought and decided in the District of Minnesota, even though he currently is incarcerated in Ohio.

        The Court's prior order in this case expressly informed Petitioner that he must file an amended petition, and a memorandum explaining why the case could be heard in this District, by no later than June 7, 2013. The order also expressly informed Petitioner that if he did not fulfill those two requirements in a timely manner, he would be deemed to have

1

abandoned this action, and it would be recommended that this case be summarily dismissed pursuant to Fed. R. Civ. P. 41(b).

The deadline for complying with the Court's prior order in this case has now expired, and Petitioner has not filed an amended petition, nor has he shown that his habeas corpus claims can be entertained in this District. Furthermore, Petitioner has not offered any excuse for his failure to comply with the prior order. In fact, Petitioner has not communicated with the Court on this matter at all since he filed his original habeas corpus petition.

Therefore, it is now recommended, in accordance with the Court's prior order in this case, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: July 3, 2013

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 19, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.